FILED
2017 May-08  PM 03:24
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **CANDACE E. HERREN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **v.** | ) | |
| | ) | **PLAINTIFF DEMANDS** |
| **LA PETITE ACADEMY, INC.,** | ) | **TRIAL BY JURY** |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

## JURISDICTION AND VENUE

1.     This Complaint seeks legal and equitable relief to redress Defendant's violations of the Plaintiff's rights secured by the following:

   a.     The Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq*.;

   b.     Alabama Age Discrimination in Employment Act ("AADEA"), Ala. Code § 25-1-20 (1975);

   c.      The Americans with Disability Act ("ADA"), 42 U.S.C. § 12102;

   d.     Civil Rights Acts of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et*

1

*seq.*, as amended by the Civil Rights Act of 1991;

 e. Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended; and

 f. the laws of the State of Alabama.

2. Jurisdiction is proper pursuant to the following:

 a. 28 U.S.C. §§ 1331, 1343(a)(3), and 1367;

 b. The ADEA, 29 U.S.C. § 626 (b) and (c)(1); and

 c. Title VII, 42 U.S.C. § 2000e-5(f)(3).

## **PARTIES**

3. Plaintiff Candace Herren (hereinafter "Plaintiff" or "Herren") brings this action based on the illegal employment practices of La Petite Academy, Inc. (hereinafter "Defendant" or "La Petite").  Herren is a resident of Jefferson County, Alabama, and is over the age of nineteen.  Herren was employed by La Petite in Trussville, Alabama.

4. Defendant La Petite Academy, Inc. (hereinafter "Defendant" or "La Petite") operates nearly 500 locations, in 36 states and in the District of Columbia, and has a system-wide capacity to serve more than 10,000 children.  Today the company is the second largest for-profit child care provider in North America.

5. At all times relevant to this Complaint, La Petite was, and is, doing business in Jefferson County, Alabama.

## VENUE

6.    Venue lies within the Northern District of Alabama under 28 U.S.C. §1391.

## NATURE OF ACTION

7.    Herren brings this action to redress Defendant's unlawful employment practices, including discrimination, harassment, retaliation, and violations of Alabama state law.

8.    Defendant employs over fifteen (15) persons within the meaning of Title VII, 42 U.S.C. § 2000e(b), and at least twenty (20) persons within the meaning of the ADEA, 29 U.S.C. § 630(b). Defendant La Petite is an enterprise engaged in interstate commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

9.    Herren seeks reinstatement, declaratory and injunctive relief, back pay, front pay, an award of compensatory, punitive, and liquidated damages, mental anguish damages, attorneys' fees, costs, interest, and any and all such other relief the trier of fact may assess.

## ADMINISTRATIVE PROCEDURES

10.    On July 22, 2016, within 180 days of learning of the acts of discrimination of which she complains, Herren filed a Charge of Discrimination with

3

the Equal Employment Opportunity Commission (hereinafter "EEOC"), Charge No.

420-2016-02959.  **(Attached herein as Exhibit A).**

11.     The EEOC issued Herren a Notice of Right to Sue on February 4, 2017.

*Id.*

12.     Herren has exhausted all administrative remedies and satisfied all

prerequisites for bringing this action.

## STATEMENT OF FACTS

13.     Herren is a white female, fifty-one (51) years of age.

14.     Herren began her thirty (30) year career with La Petite in July 1986 as

an Assistant Teacher.  Defendant promoted Herren to Daycare Director in 2013.

15.     As Director, Herren managed all employees and was directly responsible

for the well-being of approximately 100 children at La Petite's Trussville, Alabama

facility.  Herren continued in this position until her termination.

16.     As Director, Herren's job duties included supervising and operating the

daycare facility, ensuring an educational, caring, and safe environment for the

children and parents, monitoring and ensuring the well-being of children, facility staff

development and training, and achieving profitability for the company.

17.     Priscilla Kimble (hereinafter "Kimble"), District Manager, was Herren's

direct supervisor until the last week of December 2015, when Defendant transferred

4

her to the Brookwood facility in Homewood, Alabama.

18.    Defendant replaced Kimble with Felicia Gist (hereinafter "Gist"), Defendant's District Manager from Georgia. Gist became Herren's direct supervisor. During this time, Gist told Kimble, who was training Gist, that she was going to "make her own team" and that Herren "would make a good preschool teacher."

19.    Gist is an African-American female and significantly younger than Herren.

20.    Gist was visiting La Petite's Alabama daycare facilities as early as January 2016 and acting as District Manager. Almost immediately, during her visits to the Trussville facility, Gist began treating Herren adversely in the workplace. Gist talked down to Herren and would ignore her. Gist undermined Herren's authority with the employees she supervised and gave direct instruction that contradicted the instruction and plans Herren had in place with her staff. Gist showed favoritism to African-American staff and talked in a demeaning tone to the Caucasian staff.

21.    Gist did not allow Herren to discipline employees as needed and caused issues with the other staff. Gist changed duties and responsibilities within the facility without telling Herren. Gist caused so much chaos at the facility that teachers started leaving.

22.    Prior to Gist becoming her supervisor, Herren had worked hard to grow

the attendance at the facility.  The number of children enrolled had increased from 60 to 100.  When Herren asked Gist for assistance in scheduling, Gist ignored her requests.  Gist ignored all efforts to assist Herren and instead worked to set her up for failure.

23.    Gist hired Tiffany Hamilton (hereinafter "Hamilton") as Herren's Assistant Director.  Herren was not allowed any input on the hiring of Hamilton or the opportunity to interview her.  After Gist hired Hamilton, Gist directed her work and did not allow Herren to direct her.  Hamilton is an African-American female.

24.    After Defendant hired Hamilton, Gist would come to the Trussville facility for a visit, but only talk to Hamilton and not Herren.  Gist would refer all direction and questions to Hamilton, and treated Hamilton as the facility's Director.  Gist's actions caused friction and discord between Hamilton and Herren.

25.    In the Spring of 2016, Herren filed an ethics complaint against Gist because her conduct was causing a risk to the children at the school.

26.    Defendant never contacted Herren about her complaint.  To Herren's knowledge, Defendant never investigated it, nor was it ever remedied.

27.    Herren also complained to Rhonda Kirk, Human Resources, that Gist was discriminating against her and setting her up for failure.  Kirk did not investigate or respond to Herren's complaint, nor did Defendant remedy it.

28.     Herren was diagnosed with Crohn's Disease in January 2008.  Crohn's disease is a serious medical condition that substantially limits one or more major life activities.  Crohn's disease is a physical impairment that affects the digestive system and its functioning.   Herren had been prescribed chemotherapy as a means of treatment for her Crohn's disease for the past eight (8) years.

29.     Since 2015, Herren was on previously-approved intermittent FMLA leave and worked a partial day once a month in order to receive chemotherapy for her Crohn's disease.

30.     During Gist's January 2016 visits to the facility, Gist scrutinized and questioned Herren's medical treatment and required Herren to take eight (8) hours of leave on days she left work early to receive chemotherapy treatments.  Even though Herren would work a partial day, Defendant deducted a full eight (8) hours of pay.

31.     On April 5 and 7, 2016, DHR conducted a routine audit of the Trussville facility.  On April 5, 2016, DHR noted a few minor deficiencies that were corrected.  DHR did not cite the facility for any major deficiency.   Some of the noted deficiencies involved the kitchen area and cook that Gist forbade Herren from disciplining.  When DHR came back for its follow-up visit on the April 7, 2016, all deficiencies had been corrected.  This was typical procedure that had been utilized in the past, where such minor deficiencies and corrections were routine.

7

32.    On April 26, 2016, Gist suspended Herren. Gist told Herren she was suspended because of a negative DHR visit.  When Herren asked for specifics, Gist said it was because the school bus was not running well.

33.    In February 2016, the facility was up for license renewal with DHR and had met all requirements.  There were no deficiencies cited by DHR.

34.    Directors at other La Petite facilities have been cited by DHR for serious deficiencies, yet they were not terminated.

35.    Other La Petite facility directors have had situations involving child endangerment who have not been terminated.  For instance, the Chalkville La Petite left a child outside until another teacher found the child.  At the Mercedes La Petite, a child walked out of the facility, climbed the fence on the playground and tried to walk to the plant to find their parent.  These directors were African American and younger than Herren and were not terminated.  At the Brookwood La Petite, a child unfortunately died.  The entire staff was placed on paid leave and their unemployment uncontested.  There are other situations, but these are examples of younger and African-American Directors receiving preferential treatment.

36.    On May 2, 2016,  Rhonda Kirk, Human Resources, called Herren at home and terminated her employment effectively immediately.  Herren never received written notice of her termination, which was effective May 8, 2016.

37.    Defendant paid Herren for only two (2) days of work and did not pay her for her previously-approved vacation time.  Herren had previously scheduled to be off work on vacation April 27, 28, and 29, 2016, which Gist had approved prior to Herren's suspension.  Herren had also informed Gist that she would need time off to treat her Crohn's disease in May 2016, prior her suspension and termination.

38.    Herren contacted Defendant to inquire about her last pay check. Defendant told Herren that, since she had been a good employee, it would pay her for the three (3) days of vacation, but that she would lose all of her accrued paid time off (PTO).

39.    After Defendant terminated Herren's employment, Gist told the parents and employees that Herren left La Petite due to health reasons.  Gist's statements were untrue.

40.    Some parents and teachers contacted Herren upset after hearing Gist's false statements that Herren had left due to her health.

41.    Gist hired Valerie Pugh, an African-American female, to replace Herren. Pugh had no experience as a Director of a day care facility, but was paid more money than Herren.

42.    La Petite did not treat African-American, younger, or non-disabled employees in the same adverse and discriminatory manner as Herren, nor did La

9

Petite terminate these employees for similar or worse conduct.

43.     La Petite subjected Herren to ongoing harassment and retaliation because of her complaints of discrimination and harassment.

44.     As a result of the La Petite's unlawful actions, Herren suffered lost wages and employment benefits, mental anguish, emotional distress, and physical pain and suffering.  Herren additionally seeks injunctive relief in the form of reinstatement and an order prohibiting Defendant from further discrimination, harassment, and retaliation.

## COUNT ONE

### TITLE VII AND SECTION 1981 RACE DISCRIMINATION, HARASSMENT, AND RETALIATION

45.     Herren realleges and incorporates by reference paragraphs 10-44 with the same force and effect as if fully set forth in specific detail herein below.

46.     This is a claim against Defendants to redress the unlawful employment practices of race discrimination, harassment, and retaliation protected by Title VII of the Civil Rights Act of 1967, as amended, and 42 U.S.C. § 1981, as amended.

47.     This is a claim against Defendants for the intentional and illegal discrimination of Herren based on her race.

48.     Herren is an Caucasian female.

49.     Herren was at all times qualified to perform her job duties as Daycare Director.  La Petite treated Herren differently and adversely due to her race.

50.     La Petite denied Herren job assignments, equitable pay and benefits, and treated her adversely in the terms and conditions of her employment  as compared to her African-American coworkers.  La Petite was motivated by Herren's race to treat her less favorably and deny her equal pay and benefits.  Herren voiced complaints about the racial discrimination and harassment to her managers and La Petite's Human Resources Office.  Defendant ignored Herren's complaints.

51.     Herren's work environment was racially hostile and harassing. La Petite required Herren to work in a racially hostile environment filled with intimidation and ridicule by her African-American supervisor.  Herren complained about the race discrimination and suffered retaliation that included unfair discipline and termination. La Petite applied its progressive discipline policy in a discriminatory manner.

52.     As a proximate result of Defendant's unlawful discrimination, Herren suffered financial and economic loss, loss of employment, shame, humiliation, emotional distress, and trauma.

53.     Herren seeks declaratory and injunctive relief, an award of compensatory and punitive damages, costs, interest, attorneys' fees, and any and all such other relief the trier of fact may assess.

## COUNT TWO

## AGE DISCRIMINATION,
## HARASSMENT, AND RETALIATION CLAIM

54.     Herren realleges paragraphs 10-27, 31-40, and 42-53 as if fully set out

herein. This Count seeks to redress the unlawful employment practices of age

discrimination and harassment by Defendant's agents and employees and ratified by

Defendant, as protected by the ADEA and AADEA prohibiting age discrimination

in the workplace.

55.     Herren is fifty-one (51) years of age.

56.     Herren is qualified to perform the job duties of Daycare Director and has

conducted those duties and other duties of numerous other positions in a satisfactory

manner for over thirty (30) years.

57.     La Petite subjected Herren to intentional discriminatory treatment based

on her age.

58.     La Petite subjected Herren to different terms and conditions of

employment than her younger co-workers.

59.     La Petite treated younger employees with less experience and seniority

more favorably than Herren and did not subject younger employees to discrimination

or a hostile work environment with respect to the terms, conditions, or pay in their

employment.  La Petite did not terminate younger employees for similar or worse misconduct and instead offered reassignment and promotion.

60.     Defendant has a policy that prohibits workplace age discrimination; however, Defendant willfully violated its own policy and the state and federal laws that prohibit discrimination and harassment based on age.

61.     Defendant's unlawful employment practices were intentional and caused Herren to suffer loss of pay, employment benefits, and mental and physical pain and suffering.

62.     Herren seeks declaratory and injunctive relief, an award of lost wages and benefits, reinstatement, front pay, liquidated damages, costs, interest, attorneys' fees, and any and all such other relief the trier of fact may access.

## COUNT THREE

### DISCRIMINATION AND HARASSMENT CLAIMS UNDER THE AMERICANS WITH DISABILITIES ACT

63.     Herren realleges paragraphs 10-44, as if fully set out herein.

64.     This is a claim to redress the unlawful employment practices of discrimination based on Herren's actual or perceived disability, pursuant to the Americans with Disabilities Act.

65.     Defendant's conduct of its agents and employees, ratified by Defendant,

violated the Americans with Disabilities Act.

66.     Herren was a qualified employee with the actual or perceived disability of Crohn's disease.  Herren had a record of disability of which the decision maker(s) were aware.

67.     Defendant denied Herren's request for a reasonable accommodation.

68.     Defendant denied Herren employment opportunities, including, but not limited to, transfer to open positions for which she was qualified.

69.     Defendant is self-insured and was aware of Herren's need for continued medical treatment.

70.     Defendant terminated Herren on the basis of disability.

71.     As an approximate result of Defendant's unlawful conduct, Herren suffered different terms and conditions of employment, lost wages and benefits, severe emotional distress, physical pain and suffering, humiliation, embarrassment, shame, and loss of career opportunity.

72.     Herren seeks declaratory and injunctive relief, lost wages and benefits, compensatory damages, punitive damages, costs, interest, attorneys' fees, and any and all such other relied the trier of fact may assess.

## COUNT FOUR

### RETALIATION CLAIMS PURSUANT TO THE ADEA, AADEA, AND THE ADA

73.     Herren realleges paragraphs 10-44, as if fully set out herein.

74.     This is a claim against La Petite for the illegal and intentional acts of retaliation towards Herren pursuant to the ADEA, AADEA, and ADA.

75.   Herren complained of discrimination that violated the ADEA, AADEA, and ADA.  Herren's work environment and conditions were materially altered because of her complaints.

76.    Herren also filed a charge of discrimination with the EEOC alleging discrimination in violation of the ADEA and ADA.  Defendant terminated Herren and denied her the ability to transfer, rehire, interview, or be considered for available jobs for which she was qualified.  Defendant's actions constitute retaliation based on her protected activity under the ADEA, AADEA, and ADA.

77.     As an approximate result of Defendant's unlawful conduct, Herren suffered different terms and conditions of employment, lost wages and benefits, severe emotional distress, physical pain and suffering, humiliation, embarrassment, shame, and loss of career opportunity.

78.     Herren seeks declaratory and injunctive relief, lost wages and benefits,

compensatory damages, punitive damages, costs, interest, attorneys' fees, and any and all such other relied the trier of fact may assess.

## COUNT FIVE

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

79.     Herren realleges paragraphs 13-78, as if fully set out herein.

80.     This is a claim against Defendant arising out of the laws of the State of Alabama prohibiting the intentional infliction of emotional distress.

81.     Defendant's adverse treatment of Herren, in particular its subjection of her to severe, degrading, and humiliating discrimination and harassment, despite her continued complaints, was outrageous, extreme, and beyond the bounds of decency. The repeated discriminatory remarks of Defendant's agents and members of management to others, as well as her termination, damaged Herren's reputation and harmed her ability to seek other employment, including employment with Defendant.

82.     Defendant was fully aware of Herren's disability, need for a reasonable accommodation, and need for continued medical care, yet intentionally denied Herren consideration. Defendant denied Herren continued employment, transfer to open positions, consideration for open positions, and short and long-term disability benefits.  After Defendant terminated Herren, it denied her claim for unemployment benefits after thirty (30) years of exceptional service.

83.    Defendant's conduct was intentional, willful, and employed to inflict severe emotional distress upon Herren.

84.    Defendant's conduct is not condoned by society and should not go unpunished.

85.    Herren seeks declaratory and injunctive relief, award of lost employment benefits and wages, reinstatement, back pay, front pay, compensatory damages, punitive damages, costs, interest, attorneys' fees and any and all such other relied the trier of fact may assess.

## COUNT SIX

## INVASION OF PRIVACY

86.    Herren realleges 13-85, as if fully set out herein.  This is a claim against Defendant for invasion of Herren's right to privacy based on the laws of the State of Alabama.

87.    Defendant invaded Herren's personal and emotional sanctum by harassing, discriminating, and retaliating against Herren.  Defendant publicized private information about Herren and her disability, both actual and perceived. Defendant intruded into Herren's physical solitude and seclusion by having Herren defend and explain her health and physical impairment.  Defendant placed Herren in a false light with her peers and clients.  Defendant informed Herren's peers and

17

clients that she had resigned for health reasons, damaging Herren's ability to seek employment.

88.    Defendant's    conduct    proximately    caused    Herren to suffer embarrassment, humiliation, shame, physical injury, pain and suffering, loss of reputation, loss of career opportunity, emotional distress, loss of pay and benefits, and mental anguish for which she claims damages as set out below.

89.    Herren seeks declaratory and injunctive relief, reinstatement, award of compensatory and punitive damages, mental anguish, costs, interest, attorneys' fees, and any and all such other relief the trier of fact may assess.

## COUNT SEVEN

### INTERFERENCE WITH CONTRACTUAL OR BUSINESS RELATIONS

90.    Herren realleges paragraphs 13-89, as if fully set out herein.  Herren had established business relationships with her coworkers and clients.

91.    Defendant had knowledge of these business relationships and sought to intentionally damage them to Herren's financial, physical, and emotional detriment.

92.    Herren was damaged as a result of Defendant's intentional interference.

93.     As a proximate result of the Defendant's conduct, Herren was caused to suffer loss of employment wages and benefits, physical injury, pain and suffering,

embarrassment, humiliation, loss of reputation, loss of career opportunity, emotional distress, trauma, and mental anguish for which she claims damages as set out below.

94.    Herren seeks declaratory and injunctive relief, reinstatement, award of compensatory and punitive damages, mental anguish, costs, interest, attorneys' fees, and any and all such other relief the trier of fact may assess.

## COUNT EIGHT

### NEGLIGENT AND WANTON HIRING, TRAINING, SUPERVISION AND RETENTION

95.    Herren realleges paragraphs 10-94, as if fully set out herein.  This is a claim arising under the laws of the State of Alabama to redress the negligent and wanton hiring, training, supervision, and retention of Defendant's employees.

96.    Defendant had a duty to provide a reasonably safe, non-hostile, and non-discriminatory work environment to Herren and other employees in protected categories of age, race, and disability.  Defendant had actual notice of the actions complained of by Herren.

97.    Defendant, having such knowledge, negligently and wantonly hired and/or failed to train, discipline, or terminate those employees who actively discriminated, harassed, retaliated, and conspired against Herren on an ongoing basis, failing to protect Herren from further injury.

19

98.    Defendant failed to administer, communicate, or train its managers and employees on policies against discrimination and harassment or otherwise eradicate behavior that created a hostile work environment.

99.    Herren's working conditions created by Defendant were adverse and hostile and intended to cause Herren financial, physical, and emotional harm.

100.    As a proximate result of Defendant's unlawful conduct, Herren suffered adverse terms and conditions of employment, financial loss, physical injury, pain and suffering, emotional distress, humiliation, mental anguish, trauma, embarrassment, loss of reputation, and loss of career opportunity.

101.    Herren seeks declaratory and injunctive relief, an award of lost wages and employment benefits, back pay, front pay, interest, compensatory and punitive damages, damages for loss of career opportunity, damages for embarrassment and humiliation, mental anguish, costs, interest, attorneys' fees, and any and all such other relief the trier of fact may assess.

WHEREFORE, Plaintiff respectfully requests this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging further in discriminatory treatment on the basis of age, race, disability ( both actual and perceived), and retaliation based on protected activity;

B.      Order Defendant to institute and carry out policies, practices, and programs that provide equal provisions and employment opportunities for all employees, and which eradicate the efforts of past and present unlawful employment practices, including implementing a policy against age, race, and disability discrimination and against retaliation for engaging in protected activities;

C.   Order Defendant to make Plaintiff whole by providing back pay, front pay, reinstatement, interest, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, compensatory, punitive, and liquidated damages;

D.      Award Plaintiff compensatory, punitive, and liquidated damages;

E.      Award Plaintiff costs and expenses herein, including reasonable attorneys' fees; and

F.      Award such other and further relief this Court deems necessary and proper.

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

Respectfully submitted,

*/s/ Alicia K. Haynes*
Alicia K. Haynes
ASB-8327-E23A

/s/ Sonya C. Edwards
Sonya C. Edwards
ASB-8848-S73E

Attorneys for Plaintiff

**OF COUNSEL:**

**HAYNES & HAYNES, P.C.**
1600 Woodmere Drive
Birmingham, Alabama 35226
Phone: (205) 879-0377
Email: akhaynes@Haynes-Haynes.com
          scedwards@Haynes-Haynes.com